1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMMY MONTOYA, | ) | No. C 10-3810 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; |
| | ) | DIRECTING DEFENDANTS TO |
| v. | ) | FILE DISPOSITIVE MOTION |
| | ) | OR NOTICE REGARDING |
| ALICIA HOLLAND, et al., | ) | SUCH MOTION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42

U.S.C. § 1983 alleging that various Pelican Bay State Prison ("PBSP") officials violated his

constitutional rights.  Plaintiff is granted leave to proceed in forma pauperis in a separate order.

For the reasons stated below, the Court orders service on the named Defendants.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

§ 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

1   *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4   the alleged violation was committed by a person acting under the color of state law.  *See West v.*

5   *Atkins*, 487 U.S. 42, 48 (1988).

6   B.    Plaintiff's Claims

7        Plaintiff alleges that on February 19, 2010, he was coming out of the shower when

8   Officer Whitman opened the door of another inmate, resulting in Plaintiff and this inmate getting

9   into a physical altercation.  Plaintiff suffered injuries and was treated by Defendant Alicia

10  Holland.  Holland documented his injuries but neglected to record that Plaintiff complained of

11  pain in his hand.  Holland discounted Plaintiff's complaint regarding his hand and sent him to his

12  cell with a bag of tylenol.  The following day, Holland saw Plaintiff and wrapped his hand up in

13  a spleen, repeating her opinion that "it's just aligned."  Plaintiff believed that Holland was in a

14  hurry to get him out.  Plaintiff asked for pain medication, to which Holland replied that she could

15  only dispense tylenol or ibuprofen.  On February 21, 2010, Plaintiff suffered so much pain that

16  he began to sweat profusely and recorded a fever of 99.5 degrees.  Later that day, Plaintiff was

17  given an x-ray which revealed a fracture in Plaintiff's left hand.  Plaintiff saw Defendant Dr.

18  Williams and complained of pain in his hand, but Williams failed to provide Plaintiff with pain

19  medication.  Plaintiff claims that PBSP has an unwritten policy of providing only tylenol or

20  ibuprofen for pain management, no matter how serious the pain is.  Liberally construed, Plaintiff

21  states a cognizable claim of deliberate indifference to serious medical needs.

22  C.    Dismissed Defendants

23        Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the

24  plaintiff can show that the defendant proximately caused the deprivation of a federally protected

25  right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a

26  constitutional right within the meaning of section 1983 if he does an affirmative act, participates

27  in another's affirmative act or omits to perform an act which he is legally required to do, that

28  causes the deprivation of which the plaintiff complains.  *See id.* at 633.  To defeat summary

judgment, sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" actions which violated his or her rights. *Id.* at 634. A defendant cannot be held liable simply based on his membership in a group; rather, each individual defendant's participation in unlawful conduct must be shown. *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding jury instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper). Either personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009).

Here, Plaintiff names Defendant Dr. Sayre in his complaint, stating that a California jury founde Sayre guilty of negligence and deliberate indifferent to an inmate's medical needs in *Ashker v. Sayre*, Case No. 05-3759 CW. However, whatever Sayre's liability may be in any unrelated cases is irrelevant. Plaintiff fails to allege any facts connecting Sayre with his own allegations. Similarly, Plaintiff alleges that Defendant Chief Executive Officer M. McLean refused to consider Plaintiff's health care complaint. However, Plaintiff does not allege that McLean knew about Plaintiff's complaint, or knew that Plaintiff suffered any injury.

In that same vein, Plaintiff's conclusory allegation against Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, is not supported by any facts connecting him with any constitutional violation. A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). An administrator may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). Here, there is no indication that Cate was aware of, or acquiesced in, the alleged

constitutional violation.

Accordingly, Defendants Sayre, McLean, and Cate are DISMISSED without prejudice. If Plaintiff can, in good faith, allege facts supporting a cognizable claim against these Defendants, he may file an amended complaint.

### CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1.      Defendants Sayre, McLean, and Cate are DISMISSED without prejudice.

2.      The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, and copies of this order on **Registered Nurse Alicia Holland, Dr. C. Williams,** and **Warden Francisco Jacquez** at **PBSP, in Crescent City, CA**.  The Clerk shall also serve a copy of this order on Plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

3.      No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

a.      If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

1              a.     In the event Defendants file an unenumerated motion to dismiss under

2       Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

3              The defendants have made a motion to dismiss pursuant to Rule 12(b) of
        the Federal Rules of Civil Procedure, on the ground you have not exhausted your
4       administrative remedies.  The motion will, if granted, result in the dismissal of
        your case.  When a party you are suing makes a motion to dismiss for failure to
5       exhaust, and that motion is properly supported by declarations (or other sworn
        testimony) and/or documents, you may not simply rely on what your complaint
6       says.  Instead, you must set out specific facts in declarations, depositions, answers
        to interrogatories, or documents, that contradict the facts shown in the defendant's
7       declarations and documents and show that you have in fact exhausted your
        claims.  If you do not submit your own evidence in opposition, the motion to
8       dismiss, if appropriate, may be granted and the case dismissed.

9              b.     In the event Defendants file a motion for summary judgment, the

10      Ninth Circuit has held that the following notice should be given to plaintiffs:

11             The defendants have made a motion for summary  judgment by which
        they seek to have your case dismissed.  A motion for summary judgment under
12      Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

13             Rule 56 tells you what you must do in order to oppose a motion for
        summary judgment.  Generally, summary judgment must be granted when there is
14      no genuine issue of material fact--that is,  if there is no real dispute about any fact
        that would affect the result of your case, the party who asked for summary
15      judgment is entitled to judgment as a matter of law, which will end your case.
        When a party you are suing makes a motion for summary judgment that is
16      properly supported by declarations (or other sworn testimony), you cannot simply
        rely on what your complaint says.  Instead, you must set out specific facts in
17      declarations, depositions, answers to interrogatories, or authenticated documents,
        as provided in Rule 56(e), that contradict the facts shown in the defendants'
18      declarations and documents and show that there is a genuine issue of material fact
        for trial.  If you do not submit your own evidence in opposition, summary
19      judgment, if appropriate, may be entered against you.  If summary judgment is
        granted in favor of defendants, your case will be dismissed and there will be no
20      trial.

21      *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

22      Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

23      (1986) (holding party opposing summary judgment must come forward with evidence showing

24      triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

25      failure to file an opposition to defendant's motion for summary judgment may be deemed to be a

26

27           [1] The following notice is adapted from the summary judgment notice to be given to pro se
28      prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See
        Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

7.    All communications by the Plaintiff with the court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants' counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  *See* Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to wait until defendants have filed a dispositive motion which could include some or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to meet and confer with Defendants in person.  Rather, if his discovery requests are denied and he intends to seek a motion to compel, he must send a letter to Defendants to that effect, offering them one last

1   opportunity to provide him with the sought-after information.

2          9.       It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

3   and all parties informed of any change of address and must comply with the Court's orders in a

4   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

5   pursuant to Federal Rule of Civil Procedure 41(b).

6          IT IS SO ORDERED.

7   DATED:    11/8/2010

                                                            *Lucy H. Koh*

8                                              LUCY H. KOH
                                           United States District Judge