IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY MONTOYA,            )<br>                                                    )<br>           Plaintiff,           )<br>                                                    )<br>   v.                                            )<br>                                                    )<br>ALICIA HOLLAND, et al.,       )<br>                                                    )<br>           Defendants.       )<br>_____ ) | No. C 10-3810 LHK (PR)<br><br>ORDER GRANTING<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT |

      Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison ("PBSP"). Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Defendants have moved for summary judgment. Plaintiff has filed a "motion for an order denying Defendants' motion for summary judgment."[1] Defendants have filed an opposition to Plaintiff's motion. Having carefully considered the papers submitted, the

---

[1] Plaintiff moves, in the alternative, for a stay pursuant to Federal Rule of Civil Procedure 56(d). Rule 56(d) is a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). Rule 56(d) requires that the requesting party show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment. *Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Plaintiff has not demonstrated any of the three factors. Thus, Plaintiff's motion for a stay pursuant to Rule 56(d) is DENIED.

Court hereby GRANTS Defendants' motion for summary judgment, for the reasons set out below.

## BACKGROUND[2]

On February 19, 2010, Plaintiff was coming out of the shower when a correctional officer opened the door of another inmate, resulting in Plaintiff and this inmate getting into a physical altercation. (Compl. at ¶¶ 11-14.) Plaintiff suffered injuries and was treated by Defendant Registered Nurse Alicia Holland ("RN Holland"). (*Id.* at ¶ 16.) RN Holland documented his injuries, but neglected to record that Plaintiff complained of pain in his left hand. (*Id.* at ¶ 17.) Plaintiff believes that the correctional officer told RN Holland to minimize Plaintiff's injuries. (*Id.* at ¶ 20.) Plaintiff repeatedly told RN Holland that his hand hurt and he could not move it, but instead of ordering x-rays, RN Holland sent Plaintiff back to his cell. (*Id.* at ¶ 21.) Plaintiff alleges that RN Holland discounted Plaintiff's complaints regarding pain in his hand and sent him to his cell with a bag of tylenol. (*Id.* at ¶ 21.)

The following day, on February 20, 2010, RN Holland noted that Plaintiff's left index finger was swollen, his knuckles and palm index joint were also swollen and bruised, and the skin was discolored. (Decl. RN Holland, Ex. A at 3.) She observed that there was no "obvious fracture or dislocation." (*Id.*) RN Holland saw Plaintiff, and wrapped his hand up in a splint, repeating her opinion that "it's just aligned." (Compl. at ¶ 23.) RN Holland told Plaintiff to soak his pinky finger in warm water to alleviate swelling and pain, and scheduled Plaintiff for a follow-up in the doctors' line. (Decl. RN Holland at ¶ 5.) Plaintiff felt that RN Holland was in a hurry to get him out. (Compl. at ¶ 21.) Plaintiff asked for pain medication, to which RN Holland replied that she could only dispense tylenol or ibuprofen. (*Id.* at ¶ 24.) RN Holland gave Plaintiff both tylenol and ibuprofen. (Decl. RN Holland at ¶ 5.)

On February 21, 2010, RN Holland returned to Plaintiff's cell, and he reported that he took the medication and was feeling better. (*Id.* at ¶ 6.) Plaintiff's temperature was 97.5 degrees. (*Id.*) Plaintiff alleges that he told her his hand hurt, and despite taking pain medication,

---

[2] The following facts are viewed in the light most favorable to Plaintiff.

1  he was having trouble sleeping, and felt sick and dizzy.  (Decl. Pl. at 2.)  Plaintiff requested more
2  pain medication, to which RN Holland replied, "You'll be ok and I will not issue more pain
3  medication and your [sic] scheduled to see the doctor in the morning."  (*Id.*)  RN Holland told
4  Plaintiff to contact medical staff if he felt any changes.  (Decl. RN Holland at ¶ 6.)  That same
5  day, Plaintiff began to sweat profusely and recorded a fever between 99.5 - 99.7 degrees.
6  (Compl. at ¶ 25.)
7         On February 22, 2010, Plaintiff saw Defendant Dr. Williams ("Dr. Williams") and
8  complained of pain in his hand, but Dr. Williams failed to provide Plaintiff with pain medication.
9  (*Id.* at ¶ 27.)  Dr. Williams noted that Plaintiff had injuries in both his hands, and ordered x-rays.
10 (Decl. RN Holland at ¶ 7.)
11        On February 24, 2010, the x-rays showed a fracture in Plaintiff's left hand.  (Decl. RN
12 Holland at ¶ 8.)  Dr. Martinelli ordered Plaintiff to wear a splint for four weeks and gave him
13 tylenol.  (*Id.*)  On March 1, 2010, Plaintiff's splint was re-applied, and he was given ibuprofen.
14 (*Id.*)  On March 30, 2010, x-rays showed that Plaintiff's fracture had healed.  (*Id.*)  However,
15 Plaintiff alleges that, because of Defendants' disregard of his fractured hand, and failure to issue
16 him pain medication, he still has pain in his hand when he makes a fist or moves his index
17 fingers.  (Decl. Pl. at 3.)
18        Finally, Plaintiff claims that Defendant Warden Jacquez ("Warden Jacquez") has an
19 unwritten policy at PBSP of providing only tylenol or ibuprofen for pain management, no matter
20 how serious an inmate's pain is.  (Compl. at ¶ 33.)

## LEGAL STANDARD

22        Summary judgment is proper where the pleadings, discovery and affidavits demonstrate
23 that there is "no genuine issue as to any material fact and that the moving party is entitled to
24 judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect
25 the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute
26 as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a
27 verdict for the nonmoving party.  *Id.*
28

1  The party moving for summary judgment bears the initial burden of identifying those
2 portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine
3 issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Where the moving
4 party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no
5 reasonable trier of fact could find other than for the moving party. But on an issue for which the
6 opposing party will have the burden of proof at trial, the moving party need only point out "that
7 there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

8  Once the moving party meets its initial burden, the nonmoving party must go beyond the
9 pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a
10 genuine issue for trial." Fed. R. Civ. P. 56(e). The Court is only concerned with disputes over
11 material facts and "factual disputes that are irrelevant or unnecessary will not be counted."
12 *Liberty Lobby*, 477 U.S. at 248. It is not the task of the Court to scour the record in search of a
13 genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The
14 nonmoving party has the burden of identifying, with reasonable particularity, the evidence that
15 precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the
16 moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

17  The Court's function on a summary judgment motion is not to make credibility
18 determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W.*
19 *Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence
20 must be viewed in the light most favorable to the nonmoving party, and the inferences to be
21 drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at
22 631.

**DISCUSSION**

24  Plaintiff alleges that: (1) RN Holland exhibited deliberate indifference by failing to
25 properly diagnose and treat his fracture, and failing to provide him stronger pain medication than
26 tylenol or ibuprofen; (2) Dr. Williams exhibited deliberate indifference by failing to provide him
27 any pain medication, and (3) Warden Jacquez showed deliberate indifference by having an

unwritten policy to provide only tylenol or ibuprofen for pain management, no matter how severe an inmate's pain is.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The following are examples of indications that a prisoner has a "serious" need for medical treatment: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health. *See Farmer*, 511 U.S. at 837. The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he must actually draw that inference. *Id.* "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Where doctors have chosen one course of action and a prisoner-plaintiff contends that they should have chosen another course of action, the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, . . . and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Even assuming that Plaintiff had a serious medical condition, there is an absence of evidence that Defendants knew that he faced a substantial risk of harm, and consciously

disregarded it by failing to take reasonable steps to abate it. *See Farmer*, 511 U.S. 825, 837 (1994).

Here, the undisputed evidence shows that RN Holland examined Plaintiff on February 19, 2010, the same day that he was injured. (Compl. at ¶¶ 17-18.) She initially noted, *inter alia*, that Plaintiff's left pinky finger and nail were bruised, but there was no active bleeding. (Decl. RN Holland, Ex. A at 2.) Plaintiff informed her that his hand hurt and he could barely move his fingers. (Compl. at ¶ 17.) RN Holland sent Plaintiff to his cell with a bag of tylenol. (*Id.* at ¶ 21.) Plaintiff's conclusory allegation that he "had reason to believe" RN Holland intentionally minimized the severity of Plaintiff's injury and was trying to "cover up" his complaints lacks detailed facts or supporting evidence. It is thus insufficient to create a genuine issue of material fact. *See Nelson v. City of Davis*, 571 F.3d 924, 929 n.2 (9th Cir. 2009). Moreover, the undisputed evidence demonstrates that RN Holland tended to Plaintiff the following day and observed swelling of his left hand as well as discoloration, but no obvious sign of fracture. (Decl. RN Holland, Ex. A at 3.) RN Holland wrapped Plaintiff's hand up in a splint, told Plaintiff to soak his pinky finger in warm water to alleviate swelling and pain, and scheduled Plaintiff for a follow-up in the doctor's line. (Decl. RN Holland at ¶ 5, Ex. A at 3.) She also prescribed ibuprofen and tylenol to treat his pain. (Decl. RN Holland at ¶ 5, Ex. A at 3.) Two days after Plaintiff's injury, on February 21, 2010, RN Holland tended to Plaintiff a third time, advised him to alert medical if he experienced pain or complications, and confirmed that he had an appointment with the doctor in the morning. (Decl. RN Holland, Ex. A at 3-4.)

Plaintiff's allegation that RN Holland failed to properly diagnose a fracture is, at most, negligence. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotations and citation omitted). Here, there is an absence of evidence that RN Holland knew Plaintiff faced a substantial risk of harm, and consciously disregarded that risk by failing to order x-rays. *See Farmer*, 511 U.S. at 837. Though Plaintiff believes RN Holland should have ordered x-rays the day he was injured, the law is clear that a difference of opinion regarding treatment does not give rise to a § 1983 claim. *See Franklin*, 662 F.2d at 1344. In

order to prevail on a claim involving choices between alternative courses of treatment, Plaintiff must show that the course of treatment that RN Holland chose was medically unacceptable under the circumstances, and that she chose this course in conscious disregard of an excessive risk to his health. *See Toguchi*, 391 F.3d at 1058. This, he has failed to do.

Similarly, Plaintiff's claim that RN Holland failed to dispense stronger pain medication cannot survive summary judgment. Plaintiff received tylenol and ibuprofen on February 20 and 21. (Decl. RN Holland at ¶ 5, Ex. A at 3-4.) Plaintiff argues that he should have received stronger pain medication. However, he fails to support that allegation with any evidence. Specifically, he does not show that the failure to give stronger pain medication was medically unacceptable under the circumstances. *See id.* In addition, it appears that RN Holland only treated Plaintiff for three days. At most, this is an isolated occurrence of neglect, which does not set forth a viable deliberate indifference claim. *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; it may constitute grounds for medical malpractice but does not rise to level of unnecessary and wanton infliction of pain).

Plaintiff's allegation that Dr. Williams failed to prescribe any pain medication also cannot survive summary judgment. Although Plaintiff complained of pain in his hand to Dr. Williams, Plaintiff does not allege that he requested any pain medication in addition to the tylenol and ibuprofen that he was already prescribed. (Compl. at ¶ 27.) Even assuming that Plaintiff's need for pain medication was a "serious medical need," there is an absence of evidence that Dr. Williams knew Plaintiff was faced with a substantial risk of harm, and consciously disregarded it. *See O'Loughlin*, 920 F.2d at 617. In addition, there is an absence of evidence that Dr. Williams' decision not to prescribe additional pain medication was medically unacceptable under the circumstances, and that Dr. Williams chose this course in conscious disregard of an excessive risk to Plaintiff's health. See *Toguchi*, 391 F.3d at 1058.

Finally, Plaintiff's claim that Warden Jacquez has an unwritten policy to provide only tylenol or ibuprofen for pain management, no matter how much pain an inmate is suffering, is wholly unsupported. "It has long been clearly established that [s]upervisory liability is imposed

against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." *Preschooler II v. Davis*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations and interal quotation marks omitted).  Additionally, a supervisor may be liable under § 1983 if a plaintiff can show that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need." *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *see also Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) ("Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation").

Defendants argue that there is an absence of evidence to support Plaintiff's claim.  Once the moving party meets its initial burden, "[t]he non-moving party must show more than the mere existence of a scintilla of evidence." *In re Oracle Corporation Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Liberty Lobby*, 477 U.S. at 252).  "In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citing *Liberty Lobby*, 477 U.S. at 252).  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

The Court finds that Plaintiff fails to allege sufficient facts to support his supervisory liability claim against Warden Jacquez.  Nowhere does Plaintiff allege that RN Holland's or Dr. Williams' actions were the result of a deficient prison policy, or that Warden Jacquez directed or set events into motion that resulted in Plaintiff's alleged injury.  Plaintiff's allegation against Warden Jacquez are bald accusations without any evidentiary support. *See FTC v. Publ'g Clearing House*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of

1  material fact."); *see, e.g.*, *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (in
2  equal protection case, a conclusory statement of bias not sufficient to carry nomoving party's
3  burden).  In addition, even if Plaintiff had alleged sufficient facts showing that Warden Jacquez
4  could be liable in his supervisory capacity, because RN Holland and Dr. Williams are entitled to
5  summary judgment for the underlying claims, there is no supervisory liability.  Thus, there is no
6  genuine issue of disputed fact, and Warden Jacquez is entitled to judgment as a matter of law.

## CONCLUSION

Accordingly, Defendants' motion for summary judgment is GRANTED.  Thus, the Court finds it unnecessary to address Defendants' argument that they are entitled to qualified immunity.  The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 3/8/12

LUCY H. KOH
United States District Judge